19 F.3d 1439
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Shawn N. BISBY, Petitioner-Appellant,
v.
Carl ZENON, Superintendent, Oregon State Correctional
Institution, Respondent-Appellee.
 No. 93-35431.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 25, 1994.*
Decided March 17, 1994.
 
 Before: CHOY, SKOPIL, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Oregon State Prisoner Shawn Bisby appeals the district court's denial of his 28 U.S.C. Sec. 2254 habeas corpus petition. Bisby claims he was deprived of his Sixth Amendment right to effective assistance of counsel during his 1987 trial when his counsel failed to object or move for a mistrial in response to repeated improper comments by the prosecution during closing arguments.
 
 
 3
 To establish ineffective assistance of counsel, petitioner "must show that counsel's representation fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 688 (1984). In making this evaluation, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance...." Id. at 689. Bisby's claim must fail, because "absent egregious misstatements, the failure to object during the closing argument and opening statement is within the 'wide range' of permissible professional legal conduct." United States v. Necoechea, 986 F.2d 1273, 1281 (9th Cir.1993) (citation omitted).
 
 
 4
 In this case, the prosecutor's remarks were not so egregious that the failure to object to them constituted ineffective assistance of counsel. Many of the statements complained of by petitioner do not necessarily constitute vouching.
 
 
 5
 It is improper for the prosecution to vouch for the credibility of a government witness. Vouching may occur in two ways: the prosecution may place the prestige of the government behind the witness or may indicate that information not presented to the jury supports the witness's testimony. The first type of vouching involves personal assurances of a witness's veracity....
 
 
 6
 United States v. Roberts, 618 F.2d 530, 533 (9th Cir.1980) (citations omitted).
 
 
 7
 The second type of vouching is not present here, as there were no references to or insinuations regarding matters outside the record to bolster the witness's credibility.
 
 
 8
 Nor is it clear that the first type of vouching occurred in this case. Taken in context, the prosecutor's statements cited by the petitioner such as "I think" or "it leads me to believe" or "I don't see from the evidence" are really couched in terms of inferences made from the record. The prosecutor's use of the first person pronoun to state what inferences he would make from the record does not necessarily constitute a reflection of the prosecutor's belief as to veracity. Compare Nicoechea, 986 F.2d at 1279, with United States v. Kerr, 981 F.2d 1050, 1053 (9th Cir.1992). In addition, the prosecutor repeatedly reminded the jury members that they were the judges of each witness's credibility.
 
 
 9
 The most potentially egregious instance of prosecutorial misconduct occurred in the prosecutor's rebuttal closing argument, where he stated that the evidence "leads me to believe that the defendant is guilty beyond a reasonable doubt." However, as the district court noted, this statement was a direct response to the defense attorney's statement that "I don't believe the state has proved its case beyond a reasonable doubt." "[I]f the prosecutor's remarks were 'invited,' and did no more than respond substantially in order to 'right the scale,' such comments would not warrant reversing a conviction." United States v. Young, 470 U.S. 1, 12-13 (1985). Certainly, the failure to object to such a comment does not fall outside the wide range of permissible professional legal practice, so as to constitute ineffective assistance of counsel. Viewed in context of the closing arguments by both sides, as well as the entire trial record, "the probable effect the prosecutor's response would have on the jury's ability to judge the evidence fairly" is nugatory. Id. at 12.
 
 
 10
 Bisby has failed to meet the first prong of the Strickland test, as he has not shown that his attorney's failure to object to the comments made by the prosecutor constituted a deficient performance. This is not a case where the prosecutor's comments were so egregious that they tainted the trial. See e.g., Berger v. United States, 295 U.S. 78 (1935) (prosecutor stated that he personally knew that a witness knew the defendant, after the witness disavowed knowledge of the defendant); United States v. Kerr, 981 F.2d 1050 (9th Cir.1992) (prosecutor stated about a witness "I think he was honest") United States v. Simtob, 901 F.2d 799 (9th Cir.1990) (prosecutor offered testifying witness immunity in front of the jury); United States v. Roberts, 618 F.2d 530 (9th Cir.1980) (prosecutor vouched for veracity of witness by referring to detective being in courtroom to monitor the truthfulness of witness's testimony, when witness's plea arrangement depended upon giving honest testimony). Bisby's attorney's failure to object to the statements made by the prosecutor did not constitute ineffective assistance of counsel. Therefore, the district court was correct in denying Bisby's petition for writ of habeas corpus.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3